## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MORINELLI, | ) | CASE NO. 8:16-CV-00446 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| INTERNATIONAL PAPER COMPANY, | ) | |
| AND SEDGWICK CLAIMS | ) | |
| MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants | ) | |

This matter is before the Court on the Joint Motion for Entry of Protective Order. ([Filing No. 25](#).) Having reviewed the matter,

**IT IS ORDERED** that the Joint Motion for Entry of Protective Order ([Filing No. 25](#)) is granted as follows:

1. This Protective Order governs the handling of designated discovery material produced by the parties, as well as documents and information provided by non-parties. Discovery material includes documents, interrogatory answers, responses to requests for production, responses to requests for admission, deposition testimony, and other written, recorded, or graphic matter produced by the parties or non-parties. For purposes of this Protective Order, "Confidential Information" includes: (a) any and all of Defendants' trade secrets or other confidential research, development, sales strategies and tactics, commercial or financial information; (b) Defendants' confidential client information; (c) personnel documents of non-party individuals, including but not limited to, documentation containing personal information and/or investigative and disciplinary files of non-party individuals; (d) salary and benefit data of non-party individuals; (e) social security numbers of non-party individuals; (f) Plaintiff's health care providers, including mental health care providers, who have treated Plaintiff prior to or after the alleged incidents herein; as well as all office notes, medical records and reports, correspondence or other records or documents in the possession of any such health care providers, including mental health care providers, and including all records regarding

psychiatric/ psychological/ behavioral, alcohol and drug abuse, as well as any open communication regarding such records or treatment provided and (g) documents, materials or information that are subject to any other protective order or agreement, confidentiality order or agreement, or any other order, ruling, or agreement preventing or limiting the disclosure of those documents, materials, or information.

2. A Party is prohibited from making copies of any Confidential Information, or portion thereof, except for use in this litigation. Confidential Information shall be held in strictest confidence, shall be kept securely, and shall be used solely for the purpose of prosecution or defense of this litigation and not for any other purpose. As used herein the term "disclosing party" shall refer to the party designating documents or information confidential or protected. The term "non-disclosing party" shall refer to the party receiving the documents or information designated as confidential or protected.

3. A Party may designate as Confidential Information any document, writing, transcript, or other information produced through formal or informal discovery or otherwise in the course of this litigation, whether produced by a party to this action or by a non-party, by stamping the word "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on such document. Only materials of a sort described in paragraph 1 may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such designation shall be made in good faith. Without more, a designation as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall subject the information produced to the provisions of this Protective Order.

4. Any material marked or designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" will be handled in the manner described in paragraph 2, except that, absent written permission from the party producing the document or an order from the Court, the disclosure of such materials or the contents therein shall be strictly limited to the undersigned counsel and staff under counsel's supervision

5. Portions of any transcript mentioning, quoting, or referring to Confidential Information may be designated "CONFIDENTIAL" when the deposition is taken or within thirty (30) business days after the receipt of the transcript. Until the expiration of the 30-day period of time to make "CONFIDENTIAL" designations, the entire transcript shall be treated as confidential.

6. Confidential Information shall be made available only to "Qualified Persons." No other person shall have access to Confidential Information without approval of the disclosing party or without approval of the Court, nor shall any such other person be informed of such Confidential Information by any person having access to it. "Qualified Persons" as used herein means: (a) counsel for the parties, and their co-counsel, partners, associates, and employees who actually are assisting in the litigation; (b) experts and consultants retained or employed to consult with, advise, or assist counsel in the preparation or trial of this action; (c) the parties; (d) the Court and officers of the Court in accordance with the provisions of paragraph 10; (e) Court reporters who take and transcribe testimony; (f) deposition witnesses in accordance with the provisions of this paragraph; and (g) any mediator retained by the parties in an effort to mediate or settle the claims in this action  Confidential Information may be made available to any deposition witness only during his/her deposition and only after he/she has read and agreed on the record to be bound by the provisions of this Protective Order as set forth above. In addition, any deposition witness will not be permitted to retain copies of any Confidential Information at the conclusion of any deposition.

7. The non-disclosing party shall be responsible for limiting distribution of Confidential Information to those persons who: (i) have a need to know the information; and (ii) are otherwise authorized to receive the information under this Protective Order. The non-disclosing party shall be prepared to account for the disposition and use of Confidential Information by those persons. Qualified Persons who testify at a deposition and who receive Confidential Information shall be advised that they must not reveal or discuss Confidential Information to or with any person who is not a Qualified Person under this Protective Order.

8. If a disclosing party, through inadvertence produces or provides discovery of any Confidential Information, without designating such disclosed information as

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as provided for in this Protective Order, the disclosing party may give written notice to the non-disclosing party that the document, thing, or other information, response, or testimony is Confidential Information and should be treated as Confidential Information in accordance with the provisions of this Protective Order. The non-disclosing party must treat such documents, things, information, responses, and testimony as Confidential Information from the date such notice is received, subject to the provisions of paragraphs 3, 4, and 5. Disclosure of such documents, things, information, responses, or testimony prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order; however, upon receipt of such notice, the non-disclosing party promptly shall retrieve all such Confidential Information disclosed to anyone who is not entitled to access to Confidential Information under this Protective Order, and absent a challenge to the designation of such Confidential Information, destroy said Confidential Information and notify the disclosing party that all such Confidential Information has been retrieved and/or destroyed.

9. Nothing herein shall preclude a party from seeking relief from the protections provided by this Protective Order or from challenging the designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on such notice as appropriate under the circumstances, or seeking such other relief as may be appropriate. Any party hereto may apply to the Court by motion for modification of or release from this Protective Order.

Should counsel for the non-disclosing party object to the designation by the disclosing party of any particular material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" such counsel at any time may notify counsel for the disclosing party in writing that he or she objects to the designation, specifying with particularity the material he or she believes has been improperly classified and the basis for his or her contention that said document should not be designated as "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY." Upon receipt by the disclosing party of such written objection, counsel shall negotiate and attempt in good faith to resolve the dispute as to the designation. If counsel are unable to resolve such a dispute, then counsel for the disclosing party may file with the Court a motion

regarding the designation of such material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If counsel for the disclosing party does not file such a motion within 30 days of service of said objection, the documents at issue will no longer be considered Confidential Information. Otherwise, during the pendency of any such objection, dispute, or motion, the material in question shall remain Confidential Information and be handled in accordance with the terms of this Protective Order.

10. Without losing the confidentiality of any Confidential Information, any material stamped "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Protective Order may be redacted so as to eliminate the stamp before the material is shown to the jury. Confidential Information used as exhibits at trial shall otherwise be handled in accordance with the requirements and procedures of the Court. Failure to so designate any document or thing shall not constitute a waiver of any claim outside this litigation that such document or thing contains confidential information. Prior to any trial in this case, counsel for the parties shall endeavor to reach agreement on the handling of confidential material at that trial, so as to provide the maximum protection possible against public disclosure without in any way infringing on the rights of all parties to present all evidence they deem necessary at such trial.

11. Upon termination of this action, including appeal, counsel for each party, upon written request by the disclosing party, shall, within 60 days of said request, destroy (and certify such destruction) or return to counsel for the disclosing party all Confidential Information and all copies thereof, which had been produced by the disclosing party. Notwithstanding this paragraph, counsel may for professional purposes retain copies of transcripts, court filings, correspondence and other attorney work product that incorporate "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Documents, but any such documents shall remain Confidential Information and subject to the restrictions contained in this Protective Order. In addition, the Clerk may return to counsel or destroy any sealed material in its possession upon such time as all proceedings are complete, including any final appeals. Should a non-disclosing party become subject to a motion to disclose information designated "confidential" pursuant to this Order, they shall promptly notify the disclosing party of the motion so that the disclosing party may have an opportunity to appear and be heard on whether

that information should be disclosed. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party that any particular document or information is, or is not: (a) relevant to the issues involved in this litigation; (b) properly produced or subject to production during discovery; (c) admissible in evidence at the trial of this action; (d) subject to a claim of privilege; or (e) any other recognized objection to discovery.

12. Non-waiver of privilege for inadvertently disclosed materials: The inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

13. Return of inadvertently disclosed materials: Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter. Disputes arising under this Protective Order shall be resolved by the U.S. District Court of Nebraska.

14. No part of the restrictions imposed by this Protective Order may be terminated, except by a writing executed by counsel of record for all parties or by an order of the Court.

15. Nothing herein shall be deemed to restrict any parties or their counsel with respect to their own documents or information. Failure to enforce any term of this Protective Order shall not constitute a waiver of any rights or deprive the disclosing party of the right to insist thereafter upon strict adherence to that or any other term of this Protective Order, nor shall a waiver of any breach of this Protective Order constitute a waiver of any preceding or succeeding breach. No waiver of a right under any provision of this Protective Order shall occur except as provided in this document. Further, nothing herein shall restrict the parties in any way from seeking stricter protections or refusing production of a document because the protections afforded hereunder are

insufficient in one or more ways or from seeking to modify this Protective Order, by way of motion or otherwise, or from seeking further and/or additional protections from the Court regarding Confidential Information.

16. This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto indefinitely as to any dispute between them regarding improper use of Confidential Information pursuant to this Order.

Dated this 28th day of June, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge